IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                          Criminal No. 3:17-cr-29-004

VERDON TAYLOR, VERSHAWN JACKSON,
SYLVIA MITCHELL, MARIE TAYLOR,
DOREL WATSON, AND EUGENIA FLEMING,

    Defendants.

## MEMORANDUM OPINION

This matter is before the Court on DEFENDANT MARIE TAYLOR'S MOTION TO SEVER (ECF No. 100). For the reasons set forth below, the motion will be denied.

## BACKGROUND

Defendant is one of six defendants named in a seven-count Indictment filed on March 8, 2017. ECF No. 3 (Under Seal). She was only charged in Count One, Conspiracy to Commit Wire Fraud—the sole count naming all six defendants. <u>Id.</u> at 36. The Indictment discussed approximately 33 fires involving the defendants, but the United States only alleged that Defendant was involved in 6 of those incidents.

Defendant moved to quash the Indictment on June 28, 2017, on the grounds that the conspiracy charge as against her was barred by the statute of limitations because the United States

had only alleged multiple separate conspiracies between each defendant and Verdon Taylor, and had not alleged facts showing any connection between Defendant and the other co-conspirators. ECF No. 80. The Court denied that motion on June 29, in part because "whether there were multiple conspiracies is, at most, a question for the jury based upon evidence presented at trial and that issue must be considered at that time." ECF No. 82 at 1. Defendant now moves to sever her trial on a similar basis.

## DISCUSSION

"If the joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may . . . sever the defendants' trials . . . ." Fed. R. Crim. P. 14. Nonetheless, the Fourth Circuit has recognized as a "general principle that when defendants are indicted together, they should be tried together," so "severance pursuant to Rule 14 is rarely granted" if defendants are properly joined. United States v. Dinkins, 691 F.3d 358, 368 (4th Cir. 2012); see also United States v. Medford, 661 F.3d 746, 753 (4th Cir. 2011) ("[T]here is a presumption in favor of joint trials in cases in which defendants have been indicted together."). Moreover, "[j]oinder is highly favored in conspiracy trials," such as this one. United States v. Lawson, 677 F.3d 629, 639 (4th Cir. 2012).

2

Given these principles, "a district court should grant a severance . . . only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). This type of risk "might occur when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant." Id. And "[w]hen many defendants are tried together in a complex case and they have markedly different degrees of culpability, this risk of prejudice is heightened." Id. At the same time, a defendant "must 'establish that actual prejudice would result from a joint trial . . . and not merely that a separate trial would offer a better chance of acquittal.'" United States v. Shealey, 641 F.3d 627, 632 (4th Cir. 2011) (quoting United States v. Reavis, 48 F.3d 763, 767 (4th Cir. 1995)).

Defendant points to two kinds of prejudice that will result from a joint trial here. First, she contends that the conspiracy alleged in the Indictment is analogous to the hub-and-spoke conspiracy discussed in Kotteakos v. United States, 328 U.S. 750 (1946), because the United States has only alleged separate conspiracies between Verdon Taylor and each co-defendant, and

3

there are no facts connecting Defendant with any of the other defendants besides Verdon Taylor. As a result, there is a risk that the jury will judge Defendant by her co-defendants' actions rather than her own. Mot. at 3-5. Second, Defendant argues that the "evidentiary prejudices" in her Motion in Limine also apply here—namely, that the jury will hear evidence of the approximately 27 fires not involving Defendant even though such evidence would not be admissible against her if she were tried alone. That prejudice is heightened for the 4 fires alleged to be purposeful or arson. Id. at 6-7.

Neither kind of prejudice is sufficient to justify severance of Defendant's trial. The first type of prejudice depends entirely on the alleged similarity of this case to Kotteakos. But whether the two cases are, in fact, analogous is a fact question that should not be resolved before trial. The Court noted as much in its June 29 order denying the motion to dismiss. See ECF No. 82 at 1. Furthermore, the number of defendants in Kotteakos, 32, is far greater than the 5 co-defendants being tried jointly here, so the scale of the potential prejudice is reduced here.

The second type of prejudice is also an insufficient basis for severance. As the United States notes, the spillover prejudice from the admissibility of evidence against other

4

defendants must be very high to serve as a basis for severance. See United States v. Qazah, 810 F.3d 879, 891 (4th Cir. 2015) (evidence of co-defendant's prior illegal conduct and evidence recovered from search of co-defendant's house, which would have been inadmissible if defendant seeking severance had been tried alone, held "nowhere close" to satisfying severance standard); United States v. Allen, 491 F.3d 178, 189 (4th Cir. 2007) ("Without a strong showing of prejudice, severance is not justified based on the mere disparity of the evidence adduced against individual defendants."). At best, Defendant can show that there is some disparity in the evidence admissible against the co-defendants and against her specifically, but she has not made any showing beyond that. And Defendant plainly ignores the best, and most practical, solution to the risk of prejudice she has raised: a limiting instruction that the jury shall not consider certain evidence against her. See Zafiro, 506 U.S. at 539 ("[L]ess drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice.").

5

**CONCLUSION**

For the foregoing reasons, DEFENDANT MARIE TAYLOR'S MOTION TO SEVER (ECF No. 100) will be denied.

It is so ORDERED.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: October 10, 2017

6